DIANNE M. CRONIN & others[1] vs. TOWN OF TEWKSBURY.

Middlesex. April 3, 1989. — May 15, 1989.

Present: WILKINS, LIACOS, ABRAMS, NOLAN, & O'CONNOR, JJ.

*Civil Rights*, Attorney's fees.

Plaintiffs who were the "prevailing party" in an action seeking declaratory
and injunctive relief in a challenge to a municipality's appropriation of
funds were entitled to attorney's fees and costs under 42 U.S.C. § 1988
(1982) and G. L. c. 12, § 11I, where, even though this court decided
the case without reaching the plaintiff's constitutionally-based claims,
the plaintiffs had alleged a substantial constitutional claim arising from
the same nucleus of facts. [75-78]

CIVIL ACTION commenced in the Superior Court Department
on August 7, 1986.

After review by this court, 401 Mass. 537 (1988), a proceed-
ing on the plaintiffs' application for attorney's fees and costs
was heard by *Andrew G. Meyer*, J.

The Supreme Judicial Court granted a request for direct
appellate review.

*Charles W. Rankin* for the plaintiffs.
*Charles J. Zaroulis*, Town Counsel, for the defendant.

NOLAN, J. The plaintiffs, a group of taxpayers from the
town of Tewksbury (town), appeal from an order of a Superior
Court judge denying their application for attorney's fees and
costs. We granted the plaintiffs' application for direct appellate
review. We reverse.

The underlying facts giving rise to this fee claim were dis-
cussed at length in *Cronin* v. *Tewksbury*, 401 Mass. 537 (1988)
(*Cronin I*). We summarize them briefly now. In their complaint
in *Cronin I*, the plaintiffs sought declaratory and injunctive
relief under G. L. c. 231A (1986 ed.) and under G. L. c. 40,

---

[1] Fourteen other taxpayers of Tewksbury.

§ 53 (1986 ed.), to prevent the town from expending $310,000 appropriated at the 1986 annual town meeting. These funds were to be used "to execute a contract in the name and in behalf of the Town to provide and administer private school transportation." The plaintiffs alleged in the following numbered counts that: (1) the appropriation was properly rescinded by majority vote at a special town meeting; (2) the appropriation violated G. L. c. 76, § 1 (1986 ed.), which provides for equal transportation rights to both public and private school students; (3) the appropriation, by violating G. L. c. 76, § 1, violated art. 89 of the Amendments to the Massachusetts Constitution, the Home Rule Amendment; and (4) the appropriation violated the First Amendment to the United States Constitution and arts. 2 and 3 of the Massachusetts Declaration of Rights.

The assistant superintendent in his deposition explained that the school committee had adopted a plan for reimbursing parents for transportation. The plan, however, was not based on actual costs incurred in transporting the students.

On cross motions for summary judgment, the judge ruled in favor of the plaintiffs on counts one, two, and three, but ruled for the town on the fourth count. The parties appealed. In the earlier action we affirmed the judgment for the plaintiffs on their first count and concluded that it was unnecessary to consider the other grounds argued by the parties. Accordingly, we vacated the judge's determinations on the other grounds without expressing opinion. See *Cronin I, supra* at 538.

In March, 1988, the plaintiffs applied to the Superior Court for an award of attorney's fees in the amount of $19,045.50 and for costs in the amount of $1,666.37, arising from their challenge to the town's appropriation. The judge denied their application. The sole issue before us today concerns the correctness of that order denying the plaintiffs costs and attorney's fees under 42 U.S.C. § 1988 (1982) and G. L. c. 12, § 11I (1986 ed.). We look primarily to Federal law in determining whether to award attorney's fees. 42 U.S.C. § 1988. G. L. c. 12, § 11I. See *Stratos* v. *Department of Pub. Welfare*, 387 Mass. 312, 321 (1982). See also *Batchelder* v. *Allied Stores Corp.*, 393 Mass. 819, 821-823 (1985).

In *Draper* v. *Town Clerk of Greenfield*, 384 Mass. 444 (1981), cert. denied sub nom. *Draper* v. *Prescott*, 456 U.S. 947 (1982), we noted that the legislative history of 42 U.S.C. § 1988 made it quite clear that Congress intended to permit the recovery of damage awards even where the decision was based on statutory rather than constitutional grounds. *Id.* at 453-454. See *Stratos, supra* at 317. In *Stratos,* we discussed the rationale behind this practice which results from the court's policy of refraining from unnecessarily resolving constitutional questions. *Id.* A court may award attorney's fees under § 1988 to a plaintiff who prevails on a non-civil rights claim, if that claim is pendent to a substantial constitutional claim that arises from the same nucleus of facts on which the State law claims are based.[2] *Maher* v. *Gagne*, 448 U.S. 122, 132-133 & n.15 (1980). Indeed, "[c]ases are not numerous in which the award of fees is denied." *Draper, supra* at 455. Our inquiry, therefore, must focus on two factors: (1) whether the plaintiffs are the "prevailing party," *id.* at 452, and (2) whether their complaint alleged a "substantial constitutional claim." *Stratos, supra* at 317.

There can be no doubt that, in this instance, the plaintiffs have satisfied the first part of our two-part inquiry. As the United States Supreme Court has recently noted, the plaintiffs are successful "if they succeed on any significant issue in litigation which achieves some of the benefit the parties sought in bringing the suit." *Texas State Teachers Ass'n* v. *Garland Indep. School Dist.,*     U.S.    ,     (1989) (109 S. Ct. 1486, 1491 [1989]), quoting *Nadeau* v. *Helgemoe*, 581 F.2d 275, 278-279 (1st Cir. 1978). Here, the plaintiffs were awarded permanent injunctive relief by the trial judge and that judgment was affirmed by us in *Cronin I, supra.*

We now turn to determining whether the constitutional claim satisfies the substantiality test. The plaintiffs' fourth count alleged a violation of the First Amendment based on the appro-

---

[2] The town makes no assertion that the plaintiffs' constitutional claims fail to arise from the same nucleus of facts as the statutory claim. It is clear from the complaint in *Cronin I* that all claims arise from the town's appropriation for private school transportation.

Cronin *v.* Tewksbury.

priation of $310,000. The test here is not what the ultimate resolution of that issue might be but whether that claim is "so insubstantial, implausible, foreclosed by prior decisions of this Court, or otherwise completely devoid of merit," as not to involve an appropriate controversy. *Oneida Indian Nation* v. *County of Oneida*, 414 U.S. 661, 666 (1974).

"It is not at all easy . . . to apply this Court's various decisions construing the [Establishment] Clause to governmental programs of financial assistance to sectarian schools and the parents of children attending those schools. Indeed, in many of these decisions, we have expressly or implicitly acknowledged that 'we can only dimly perceive the lines of demarcation in this extraordinarily sensitive area of constitutional law.'" *Mueller* v. *Allen*, 463 U.S. 388, 393 (1983) *quoting Lemon* v. *Kurtzman*, 403 U.S. 602, 612 (1971). This case in particular presents formidable problems because it encompasses both the appropriation of the $310,000 and the reimbursement plan whereby parents might receive $400 per student for transportation costs, regardless of the actual costs incurred in providing transportation.[3] The constitutionality of the proposed plan could not have been decided by quickly referencing *Everson* v. *Board of Educ. of Ewing Township*, 330 U.S. 1 (1947) (furnishing transportation to parochial school students held constitutional). Nor was the proposed plan clearly unconstitutional based on *Committee for Pub. Educ. & Religious Libery* v. *Nyquist*, 413 U.S. 756 (1973) (tuition reimbursement scheme for nonpublic schools held unconstitutional). The town's plan entailed elements similar to those contained in a number of Supreme Court cases concerning the establishment clause, thus requiring a detailed analysis within the framework of *Lemon, supra*, to determine its constitutionality.

Accordingly, we cannot say that the plaintiffs' constitutional claim is " 'so attenuated and unsubstantial as to be absolutely devoid of merit,' . . . 'wholly unsubstantial,' . . . 'obviously frivolous,' . . . 'plainly unsubstantial,' . . . or 'no longer open

---

[3] Indeed, as the trial judge noted, "[i]n theory and in practice the Town's present plan could result in cash windfalls to the parents."

to discussion,'" (citations omitted), *Hagans* v. *Lavine*, 415 U.S. 528, 536-537 (1974), or that it otherwise fails to meet "the painstakingly minimal standard of substantiality." *Stratos*, *supra* at 319.

We have already determined that an award of attorney's fees may be made where a decision is ultimately based on statutory rather than constitutional claims. We also recognize that the plaintiffs' challenge to the appropriation for private school transportation is substantial. Therefore, we conclude that they are entitled to reasonable fees and costs. Accordingly, the order denying the plaintiffs an award of attorney's fees and costs is vacated and the case is remanded for further proceedings consistent with this opinion. The plaintiffs shall also be entitled to reasonable fees and costs associated with this appeal.

*So ordered.*