Stowe *v.* Bologna.

KRENIE STOWE & another[1] *vs.* VINCENT BOLOGNA & another.[2]

Suffolk. December 6, 1993. - March 2, 1994.

Present: LIACOS, C.J., WILKINS, NOLAN, LYNCH, & GREANEY, JJ.

*Practice, Civil*, Attorney's fees. *Attorney at Law*, Compensation.

A single justice of this court did not abuse his discretion in determining that the plaintiffs in an action claiming that the defendants had violated a city's rent control law were entitled to $30,000 in reasonable appellate attorney's fees and $1,580 in costs rather than the $81,322.75 in fees sought by the plaintiffs where the single justice, based on his familiarity with the case and the filings of the parties, found that the appeal process only warranted time expenditure commensurate with a $30,000 award in that the issues involved were not sufficiently varied, numerous, complex or novel as to justify the 555 hours counsel expended on appeal or involved enough money ($35,991 judgment exclusive of fees), or were of sufficient public importance to justify the larger attorney's fees sought by the plaintiffs. [203-206]

CIVIL ACTION commenced in the Superior Court Department on December 11, 1987.

After review reported at 415 Mass. 20 (1993), a motion for appellate attorney's fees was heard by *O'Connor*, J.

*Mark D. Stern* for the plaintiffs.

*Patrick W. Hanifin* (*Stephen S. Ostrach* with him) for the defendants.

NOLAN, J. This is an appeal from a determination by a single justice of this court of the amount of reasonable appellate attorney's fees to which the plaintiffs are entitled. In

---

[1] Marie Stowe.

[2] 310 Corporation. The property in question was first acquired by Bologna. Bologna later conveyed it to the 310 Corporation, of which he is a principal officer and stockholder.

*Stowe* v. *Bologna*, 415 Mass. 20 (1993), after affirming the Superior Court's judgment for the plaintiffs on their claims that the defendants had violated the Cambridge Rent Control Act, St. 1976, c. 36, § 11 (*a*), we referred the case to a single justice to determine the amount of reasonable appellate attorney's fees to be awarded to the plaintiffs based on their appropriate submissions. Although the plaintiffs submitted numerous affidavits in support of their contention that they were entitled to over $81,000 in appellate attorney's fees, the single justice awarded them only $30,000. The plaintiffs appeal from the amount of this award. Because we conclude that the single justice did not abuse his discretion in determining this award, we affirm.

A Superior Court judge had awarded summary judgment to the plaintiffs, who were tenants of the defendants, on the plaintiffs' claim that the defendants had violated St. 1976, c. 36, § 11 (*a*), by charging excessive rent. The judge reasoned that a 1987 decision of the rent control board of Cambridge (board) that the units rented by the plaintiffs were subject to rent control, from which no appeal had been taken, was final. The Superior Court judge also entered judgment on a jury verdict for the plaintiffs on their claims that the defendants had violated the security deposit law, G. L. c. 186, § 15B (1992 ed.), and the act protecting quiet enjoyment, G. L. c. 186, § 14 (1992 ed.). The judge assessed damages in the sum of $35,991.20 and attorney's fees and expenses of $28,019.62. Of the assessed damages, the judge determined the plaintiffs were due $23,507.20 for the overpayment of rent, including $15,000 as a penalty.

The defendants appealed. The Appeals Court affirmed the judgments for the plaintiffs. 31 Mass. App. Ct. 1119 (1991). In an unpublished memorandum accompanying its decision, the Appeals Court upheld the judge's determination of a rent control violation, agreeing that the board's decision was final and preclusive. Noting the very substantial counsel fees and penalties already awarded to the plaintiffs, the Appeals Court subsequently denied the plaintiffs' motion for appellate attorney's fees. The plaintiffs sought further appellate review,

Stowe *v.* Bologna.

which was denied. 412 Mass. 1102 (1992). The defendants then filed an application for rehearing on the ground that, shortly after the Appeals Court decision, the board had retroactively exempted the property in question from rent control. The Appeals Court granted a rehearing, stating that it was "extremely troubled" that, in light of the board's decision, "there is a risk that an injustice may have been done." The Appeals Court, however, again affirmed the rent control violation, reasoning that principles of preclusion prevented reconsideration of the Superior Court's judgment. 32 Mass. App. Ct. 612 (1992). The Appeals Court again denied the plaintiffs' request for appellate attorney's fees. *Id.* at 619.

Both sides filed applications for further appellate review, which we granted. 413 Mass. 1104 (1992). We ruled in favor of the plaintiffs on both issues, affirming the Superior Court's judgment for the plaintiffs on the liability issue and holding that the plaintiffs were entitled to reasonable appellate attorney's fees. We then referred this case to a single justice of this court "for a determination of reasonable appellate attorney's fees in the Appeals Court and this court based on appropriate submissions by the plaintiffs (and a hearing if requested by any party)." 415 Mass. at 23.

The plaintiffs made submissions to the single justice attempting to show that they were entitled to $81,322.75 for appellate attorney's fees and $1,632.55 for expenses. The plaintiffs' submissions included eighteen affidavits, two letters, and a survey of market rates for attorneys in the Boston area.[3] On request, the single justice held a hearing. He then

---

[3]The plaintiffs were represented throughout the case by Mark D. Stern and Brian W. Mellor. By affidavit, Mr. Stern described his considerable experience as an attorney, especially in housing matters, and the fees he has been awarded in other litigation. He also averred that the plaintiffs' fee was contingent on a successful outcome and his belief that none of the services his office rendered during the various stages of appeal was unnecessary or duplicative. By affidavit, Mr. Mellor stated that he had been admitted to the bar in 1984 and had worked in housing litigation since 1988. He also attested to the accuracy of the submittal itemizing the services rendered. One paralegal, also by affidavit, submitted an itemized bill for services rendered and attested to its accuracy. In addition to requesting compensation for services rendered by the two attorneys, the plaintiffs

assessed reasonable attorney's fees for the appeal at $30,000. He based this determination on his familiarity with the case and the numerous filings with the court. Of the total amount of attorney's fees and expenses requested, the single justice excluded $3,597 in fees and $48.70 in expenses for services rendered to establish reasonable fees before the single justice and a relatively small amount from which the plaintiffs do not appeal. In the view that the plaintiffs were not entitled to recover these expenses, the single justice limited his determination of fees to the preparation and presentation of argument in the appellate courts, including the application for further appellate review.

The single justice then stated that the basic measure of reasonable attorney's fees is the fair market rate for the time reasonably spent preparing and litigating the case. He noted the necessarily imprecise nature of calculating the amount of time reasonably spent on a case and the determination of the fair market rate for the time reasonably spent. The single justice accepted the plaintiffs' contention that they were represented by experienced and highly competent counsel. Nonetheless, he assessed the amount of reasonable appellate attorney's fees at $30,000, reasoning that the issues involved in the appeal process were not sufficiently varied, numerous, complex, novel, or of sufficient public importance, and did not involve enough money, to justify the fees that the plaintiffs sought. Additionally, the single justice assessed recoverable costs at $1,580.

The plaintiffs contend that the undisputed evidence before the single justice established that the plaintiffs were entitled to nearly all the attorney's fees they requested and that the

---

sought compensation for the services rendered by four paralegals. The plaintiffs submitted that Mr. Stern worked 293.1 hours on this appeal for which they sought $57,030, and that Mr. Mellor worked 152.6 hours for which they sought $20,454. The plaintiffs claimed that their attorneys and assistants reasonably expended 555.6 hours during the appeal process. Additionally, the plaintiffs submitted numerous affidavits from attorneys and professors and letters from two judges submitted in other litigation which generally attest to Mr. Stern's reputation and experience in housing litigation and the fairness of his rates.

single justice's findings supporting his decision were contrary to the undisputed evidence in the record. Additionally, the plaintiffs contend that the single justice did not follow established precedent in that he reduced the basic measure amount in the absence of special circumstances and he improperly considered the amount of the plaintiffs' verdict being defended on appeal.

The sole issue on this appeal is whether the single justice erred in his calculation of the amount of reasonable appellate attorney's fees. As we stated recently in *Fontaine* v. *Ebtec Corp.*, 415 Mass. 309, 324 (1993), "[t]he amount of a reasonable attorney's fee, awarded on the basis of statutory authority . . . is largely discretionary with the judge, who is in the best position to determine how much time was reasonably spent on a case, and the fair value of the attorney's services." The basic measure of reasonable attorney's fees is a "fair market rate for the time reasonably spent preparing and litigating a case." *Id.* at 326. The basic measure amount, as determined by the judge, should be the amount of the award unless there are special reasons to depart from it. *Stratos* v. *Department of Pub. Welfare*, 387 Mass. 312, 322 (1982). We have enunciated various considerations in order to guide judges in determining what is reasonable in the circumstances of a given case. See *Fontaine, supra,* at 324-325, and cases cited.

The first component of the basic measure amount is the amount of time reasonably expended on the case. The judge should begin his inquiry with the amount of time documented by the plaintiff's attorney. *Stratos, supra* at 322-323. Then the judge decides whether this amount of time was reasonably expended. *Id.,* and cases cited. The judge should not only consider the plaintiff's financial interests at stake but also the plaintiff's other interests sought to be protected by the statute in question and the public interest in having persons with valid claims under the statute represented by competent legal counsel. See *Id.* at 323. The second component of the basic measure amount is the amount of a reasonable hourly rate. This amount should be the aver-

age rate in the community for similar work by attorneys with the same years' experience. *Stratos, supra* at 323-324, and cases cited.

The plaintiffs' contentions on appeal presuppose that the single justice departed from a basic measure amount of approximately $81,000. The plaintiffs contend that, because their submissions were uncontradicted by the defendants, the single justice was bound to find their request amount as the basic measure amount and that it was error for the single justice to depart from it. They are mistaken. The plaintiffs were required to convince the single justice that their request was reasonable under the standards already articulated. *Robbins* v. *Robbins*, 19 Mass. App. Ct. 538, 541 (1985). The single justice, as the judge determining the amount of reasonable fees, was not to be a mere calculator of numbers but properly exercised independent judgment concerning the request's reasonableness. It is clear from the single justice's memorandum of decision that he found that the appeal process only warranted time expenditure commensurate with a $30,000 award. We cannot conclude that the single justice abused his discretion.

The single justice stated that "it does not appear to me that the issues involved in the appeal and rehearing in the Appeals Court and in the Supreme Judicial Court were sufficiently varied, numerous, complex or novel, or involved enough money ($35,991 judgment exclusive of fees), or were of sufficient public importance to justify fees close to the $81,332.75 the plaintiffs seek." All the single justice's stated considerations are relevant in determining the amount of reasonable time expenditure. See *Stratos, supra* at 322-323, and cases cited. The single justice properly based his order on his familiarity with the case and the filings of the parties. In addition to presiding at the fee hearing, the single justice was a member of our panel in our previous decision and authored the court's opinion. He thus had ample opportunity to gain insight into the objective worth of the attorneys' services.

The plaintiffs take exception to the single justice's finding that the issues involved in the appeal were insufficiently new,

complex, or of public importance to justify their fee request. The plaintiffs note that the issues were important and complex enough to attract the interest of several public interest groups who filed amici briefs and to persuade this court to accept their petition for further appellate review. However, the single justice did not find, as the plaintiffs assert in their brief, that the issues raised on appeal were not novel, complex, and of no public importance, but merely found that the issues were such as not to justify the 555 hours their counsel expended on appeal. Given the single justice's familiarity with the case, we cannot conclude that he abused his discretion in weighing these factors.

The single justice also considered the relatively small amount of the judgment sought to be upheld on appeal. The single justice stated that this amount was $35,991 plus fees. The plaintiffs contend that the amount they sought to be upheld on appeal was in excess of $100,000. They reached this amount by adding the $28,019.62 in attorney's fees and costs recovered in the Superior Court, the interest on the judgment and fees, and the amount of the defendants' counterclaim against the plaintiff for failure to pay rent. We disagree with the plaintiffs' calculations. First, the bulk of the time expenditure on appeal occurred after the Appeals Court initially affirmed the Superior Court judgments against the defendants. The rehearing in the Appeals Court and the subsequent appeals only concerned the defendants' violation of the rent control act. Thus, after the Appeals Court decision, the defendants' counterclaim was rendered worthless because they were liable to the plaintiffs under the security deposit law and the act protecting quiet enjoyment. Also, to include the amount of attorney's fees already awarded as being at stake in the appeal is somewhat suspect. Since the plaintiffs had retained their counsel on a contingency basis, they would not owe their counsel the fee amount if the judgment were reversed.

Even if the single justice gave considerable weight to the fact that the fee request was substantially higher than the amount sought to be protected on appeal, we conclude that

the single justice did not abuse his discretion. This is so because the rent control act primarily seeks to protect the plaintiffs' financial interest. The plaintiffs had sought legal recourse under the act because they were paying too much rent. Their harm was purely financial. Although the public has an interest in promoting adherence to this act by enabling those with valid claims of small monetary value to retain adequate counsel, the single justice could properly give considerable weight to this fact. There was no abuse of discretion in awarding $30,000.

The case is remanded to the single justice for a determination of a reasonable fee and expenses for the presentation of the plaintiffs' fee case in compliance with *Stratos, supra* at 325. In all other respects, the judgment is affirmed.

*So ordered.*