Lopez, J.
Hydro Environmental Technologies, Inc. (Hydro) brings this application for attorneys fees and costs after prevailing at trial against Con-Rel, Inc. (Con-Rel) and Amwest Surety Insurance Company on an action brought pursuant to G.L.c. 149, §29. After an evidentiary hearing regarding the reasonableness of the fees, I find Hydro is entitled to $26,943.40.
DISCUSSION
Hydro requests an award for attorneys fees and costs of $31,912.44. This calculation includes $4,969.04 in fees expended in obtaining partial summary judgment in Civil Action No. 90-8593. This initial action was brought by Con-Rel against the Town of Weston, and Hydro intervened under G.L.c. 30, §39F. Hydro prevailed on its counterclaim on a motion for summary judgment which was allowed March 25, 1991. On May 30, 1991, Hydro filed Civil Action No. 91-3683 pursuant to G.L.c. 149, §29. These two actions were consolidated on March 23, 1993.
In Floors, Inc. v. B.G. Danis of New England, Inc., 380 Mass. 91, 101 (1980), the Supreme Judicial Court held that “the only legal fees which may be recovered under G.L.c. 149, §29, are those incurred directly in pursuit of that statutory cause of action.” Accordingly, Hydro may not recover the fees incurred in pursuing the partial summary judgment award in Civil Action 90-8593. Those fees were not incurred directly in pursuing relief under G.L.c. 149, §29. These fees were incurred before Hydro brought its action pursuant to G.L.c. 149, §29 and later consolidation of the cases at bar will not bootstrap the initial fees under the statute.
After reviewing the affidavits and billing sheets Hydro submitted, however, I find all the other fees reasonable. Hydro’s attorneys’ hourly rates were substantially less than hourly rates charged by the defendants’ fee expert. The attorneys for Hydro did no duplicate work as the defendants contend and the attorneys’ billing is sufficiently itemized. The attorneys’ billing sheets and affidavits establish that the time expanded in preparing for trial and pursuing judgment was reasonable. A portion of these fees may be attributed directly to the defendants and their counsel attempting to evade discovery.
The defendants’ argument that Hydro is not entitled to recover fees expended after entry of judgment is without merit. As a general rule, time spent in establishing and defending legal fees should be included in the final calculation of the award. Stratos v. Department of Public Welfare, 387 Mass. 312, 325 (1982). “Exclusion of such services would dilute the value of the award, and so frustrate the purpose of the act authorizing fees.” Id. This general rule is consistent with the purpose of G.L.c. 149, §29, which is to expedite payments to general contractors and subcontractors, and to improve the flow of funds in the construction industry. Manganaro Drywall, Inc. v. White Construction Co., Inc., 372 Mass. 661, 664 (1977). General Laws c. 149, §29 is a remedial statute that must be read broadly to achieve the purpose of affording security to subcontractors and materialmen on public works. Id. Accordingly, in construing G.L.c. 149, §29 broadly, I find that Hydro is entitled to $26,943.40.
ORDER
For the foregoing reasons, it is hereby ORDERED that Hydro Environmental Technologies, Inc.’s application for attorneys fees and costs pursuant to G.L.c. 149, §29 is ALLOWED in the amount of $26,943.40.