Zobel, J.
The record in this landlord-tenant dispute amply sustains Plaintiffs’ position that Defendants waged a lengthy, resourceful, and wholly unsubstantiated battle to avoid the inevitable.
My reading of the affidavits and memorandum submitted on Plaintiffs’ behalf persuades me that Plaintiffs’ attorneys are richly entitled to a substantial fee. Nothing in Defendants’ Memorandum in Opposition effectively refutes any part of Plaintiffs’ submissions.
The Court need not hold an evidentiary hearing, Heller v. Silverbranch Construction Corp., 376 Mass. 621, 629 (1978).
At the same time, a judge must proceed with particular caution when requiring the party (albeit the losing party) who did not retain the attorney to pay for her or his services. Karedes v. Cities Service Oil Co., Suff.Super.Ct., Civ. No. 19731 (1982); Jones v. Caldwell, Midd.Super.Ct., Civ. No. 86-3001 (1987).
In exercising its discretion, the court considers: the nature of the case and the issues presented; the time and labor required; the amount of damages involved; the result obtained; the experience, reputation, and ability of the winning attorney; other local attorneys’ usual charge for similar services; and the amounts of awards in similar cases. Linthicum v. Archambault, 379 Mass. 381, 388-89 (1979). Federal-court fee standards also apply in Massachusetts cases. Stratos v. Department of Public Welfare, 387 Mass. 312, 321 (1982); O'Hara v. Robbins, 13 Mass.App.Ct. 279, 288 (1982); Darmetko v. Boston Housing Authority, 378 Mass. 758, 764 (1979).
To ascertain the correct standards, the Court has particularly relied upon: Society of Jesup v. Boston Landmarks Commission, 411 Mass. 754, 758-59 (1992); Lindy Bros. Builders, Inc. of Philadelphia v. American Radiator & Standard Sanitary Corp., 487 F.2d 161, 167-70 (3rd Cir. 1973) (“Lindy I”); Johnson v. Georgia Highway Express, Inc., 488 F.2d 714, 717-19 (5th Cir. 1974); Lindy Bros. Builders, Inc. of Philadelphia v. American Radiator & Standard Sanitary Corp., 540 F.2d 102, 108-21 (3rd Cir. 1976) (“Lindy II”); King v. Greenblatt, 560 F.2d 1024, 1026-28 (1st Cir. 1977), cert. denied, 438 U.S. 916 (1978); Souza v. Southworth, 564 F.2d 609, 612-14 (1st Cir. 1977); Calhoun v. Acme Cleveland Corp., 801 F.2d 558, 559-61 (1st Cir. 1986); Hew Corp. v. Tandy Corp., 480 F.Sup. 758, 760-63 (D.Mass. 1979); Cumminers v. National Shawmut Bank, 284 Mass. 563, 569 (1933); First National Bank of Boston v. Brink, 372 Mass. 257, 265-67 (1972); Hanner v. Classic Auto Body, Inc., 10 Mass.App. 121, 123 (1980); Draper v. Town Clerk of Greenfield, 384 Mass. 444, 456-57 (1981); Porter v. Treasurer etc. of Worcester, 385 Mass. 335, 339-43 (1982). See also, Matter of Fordham, 423 Mass. 481, 485 (1996).
The court has also consulted the Massachusetts Rules of Professional Conduct, particularly Mass.R.Prof.C. 1.5; Restatement (Third), The Law Governing Lawyers §§46, 51 (1996).

1.The time and labor which counsel expended.

This is the starting point. Stratos v. Department of Public Welfare, supra, at 322; compare First National Bank of Boston v. Brink, supra, at 267. On the other hand, it is not a “talisman.” King v. Greenblatt, supra, at 1027.
The time sheets which counsel has submitted satisfy the criteria of fullness and specificity which a fee awarding court must demand. King v. Greenblatt, supra, at 1027; compare Calhoun v. Acme Cleveland Corp., supra at 560-61 (collecting cases).

2.Novelty and difficulty of the legal issues.

The landlord-tenant issues here involved, including, but not limited to, the question of a wrongfully withheld security deposit, are neither novel nor (standing alone) difficult. Here, however, Defendants mounted a tenacious, albeit misguided defense and counter-attack which necessitated a correlative effort by Plaintiffs’ counsel.

3.Legal skill required.

A dogged determination, and an understanding of the applicable legal and procedural principles were counsel’s primary necessary qualifications.

4.Preclusion of other employment.

It does not appear that any of Plaintiffs’ counsel was forced to forego other retainers during the pendency of this action, either because of conflicting representation or because the case consumed inordinate amounts of time.

5.The attorney’s customary fee.

The proposed billing rates ($220/hour for Lee D. Goldstein, Esq.; $200/hour for Jeffrey M. Feuer, Esq.) are appropriate for attorneys of their respective experience, performing the claimed services. The test, of course, is the “market value” of similar services, not of work on similar cases. Stratos v. Department of Public Welfare, supra, at 323.

*504
6.Was the fee fixed, as opposed to contingent?

Absent a written contingent fee agreement, Mass.R.Prof.C. 1.5(c), or evidence of any (improper) oral one, the Court infers, that counsel were retained on a fixed-fee basis.

7.Time limitations.

Time was not a factor.
8. The stakes and the result.
Messrs. Goldstein and Feuer seem to have achieved their clients’ goal completely, by obtaining an Agreement for Judgment in an amount ($8,400) covering their reasonable damages and providing for the recovery of “reasonable attorneys fees and costs.”
9. The attorneys’ experience, reputation and ability.
Mr. Goldstein was admitted to practice in 1971; he has had extensive experience in landlord-tenant law and litigation, and has had substantial additional teaching experience in those areas.
Mr. Feuer was admitted to practice in 1985. He, too, has had substantial experience in landlord-tenant law.
10. Is this case “undesirable”?
Nothing about this particular litigation would tend to cause clients to shun either Mr. Goldstein or Mr. Feuer of their association with this litigation.

11.The nature and length of the professional relationship with the client.

Messrs. Goldstein and Feuer and their firm appear to have had only a one-time relation with Plaintiffs.

12.Awards in similar cases.

The record does not indicate any basis for comparison-fee-setting.

Fee Calculation

The so-called “lodestar” theory requires the Court to calculate the attorney’s hours, multiply them by the applicable hourly rate, and obtain therefrom a figure to which the Court makes appropriate adjustments, either up or down. In Massachusetts, this number “should govern,” absent “special reasons” for departing from it. Stratos v. Department of Public Welfare, supra, at 322. No such reason appears here. On the facts, therefore, one could fairly conclude that Messrs. Goldstein.and Feuer are entitled to payment, at their respective normal rates, for the hours worked, and for their expenses. That fee is calculated thus:
LeeD. Goldstein, Esq. 130.3hours@$220 = 28,666
Jeffrey M. Feuer, Esq. 20.7 hours @ $200 = 4.140
$32,806
Now, although it is true that the measure of a reasonable attorneys fee stands independent of the dollar amount at stake, see, H. Alperin & R. Chase, Consumer Rights and Remedies, 35 Mass.Prac. §137 n.49 (1979), I believe that a fee which nearly quadruples a recovery achieved by settlement vice trial and, possibly, appeal (albeit a recovery accomplished despite vigorous opposition) is, under these circumstances, excessive, see, Rex Lumber Co v. Acton Block Co., Inc., 29 Mass.App.Ct. 510, 522 (1990).
I believe a total fee of $25,000 to comport more closely with equity and justice in this case.
As to expenses, counsel have submitted an appropriately detailed itemization, totalling $862.40.

ORDER

Accordingly, it is Ordered, that Judgment enter forthwith as follows:
1. Defendants to pay Plaintiffs $8,400.00;
2. Defendants to pay Plaintiffs, on account of counsel fees, $25,000; plus expenses in the amount of $862.40;
3. Defendants’ counterclaims are Dismissed with Prejudice.
Entered: March 16, 2000