RICHARD CEPULONIS & another[1] vs. REGISTRARS OF VOTERS OF WORCESTER.[2]

Norfolk. December 6, 1985. — February 20, 1986.

Present: HENNESSEY, C.J., WILKINS, LIACOS, ABRAMS, & NOLAN, JJ.

*Civil Rights,* Attorney's fees. *Practice, Civil,* Failure to make objection.

On appeal from an award of counsel fees to prison inmates who had successfully challenged the constitutionality of certain voter registration and election laws, the registrars of voters of Worcester were not entitled to argue for the first time that, because the record did not establish that any plaintiff was a domiciliary of Worcester, no order should have been entered against them to pay any portion of the plaintiffs' counsel fees; and, in any event, the argument lacked merit. [809]

The fact that prison inmates challenging the constitutionality of certain voter registration and election laws prevailed on State constitutional grounds did not preclude an award of attorney's fees and costs pursuant to 42 U.S.C. § 1988 (1982), where the case also presented a Federal equal protection claim sufficient to bring it within 42 U.S.C. § 1983. [810-811]

CIVIL ACTION commenced in the Superior Court Department on August 11, 1982.

Following the decision of this court in 389 Mass. 930 (1983), a motion for attorney's fees was heard by *Richard S. Kelley,* J.

The Supreme Judicial Court on its own initiative transferred the case from the Appeals Court.

*James F. Bergin,* Assistant City Solicitor, for the defendant.
*Jonathan Shapiro* for the plaintiffs.

WILKINS, J. Following our opinion in *Cepulonis* v. *Secretary of the Commonwealth,* 389 Mass. 930 (1983), granting relief to the inmate plaintiffs, the plaintiffs requested an award of

---

[1] Kevin Murphy.

[2] For the other parties originally defendants, see *Cepulonis* v. *Secretary of the Commonwealth,* 389 Mass. 930, 930 n.2 (1983). Of the original defendants, only the registrars of voters of Worcester are involved in this appeal.

attorneys' fees and costs against the defendants pursuant to 42 U.S.C. § 1988 (1982). The defendants other than the registrars of voters of Worcester settled the claims against them. The Secretary of the Commonwealth paid $16,000, and the city of Boston paid $4,000. After a hearing on the claim for attorneys' fees and costs against the registrars of voters of Worcester (registrars), the trial judge determined reasonable attorneys' fees and costs, credited to that amount the total already paid by the other defendants, and then added an amount for fees in this postappeal fee contest against the registrars. Judgment was entered in the amount of approximately $20,000 against the city of Worcester. We transferred the registrars' appeal to this court. We affirm the judgment.

The registrars complain that, because the record does not establish that any plaintiff was a domiciliary of Worcester, no order should have been entered against them to pay any portion of the plaintiffs' counsel fees. When the case was first before us, the registrars did not argue that they were not proper defendants or that judgment should not be entered against them because no plaintiff was a resident of Worcester. If the registrars were not properly subject to the substantive relief sought, they should have raised that point when the case was previously here. The domicil argument comes too late.

The argument, moreover, lacks merit. The plaintiffs objected, on various grounds, that the procedures followed by the registrars, dictated by the statute to be sure, unconstitutionally denied any unregistered resident of Worcester who was incarcerated elsewhere in Massachusetts the opportunity to attempt to register to vote. Relying on an unconstitutional statutory barrier to inmates' rights to register to vote, the registrars simply refused to consider Cepulonis's application because he did not appear before them in person. Proof of domicil in Worcester was not essential to the proper presentation of the constitutional challenges in this case. At most, a colorable claim of domicil in Worcester was needed to justify joinder of the registrars as defendants. The statement of agreed facts shows sufficient circumstances to raise the question whether Cepulonis was a resident of Worcester at the time he sought to register.

Other objections to the award of attorneys' fees are without merit. In *Cepulonis* v. *Secretary of the Commonwealth,* 389 Mass. 930, 933 (1983), we held that the plaintiffs had a right to register to vote in State elections, in spite of statutory restrictions, because those restrictions violated the plaintiffs' rights under the Constitution of the Commonwealth. The fact that we decided the substantive question in favor of the plaintiffs on State constitutional grounds does not bar the plaintiffs from recovering attorneys' fees pursuant to 42 U.S.C. § 1988, if their accompanying 42 U.S.C. § 1983 (1982) claim of a violation of Federal law was a "substantial" one arising (as is the case here) from a "common nucleus of operative fact." *Maher* v. *Gagne,* 448 U.S. 122, 132 & n.15 (1980), quoting *United Mine Workers* v. *Gibbs,* 383 U.S. 715, 725 (1966). See *Guardianship of Hurley,* 394 Mass. 554, 558-559 (1985); *Stratos* v. *Department of Pub. Welfare,* 387 Mass. 312, 317-318 (1982); *Draper* v. *Town Clerk of Greenfield,* 384 Mass. 444, 454 (1981), cert. denied, 456 U.S. 947 (1982). A claim fails to meet the substantiality test of § 1988 only if it is obviously without merit or is clearly foreclosed as a subject of controversy by decisions of the Supreme Court of the United States. See *Stratos* v. *Department of Pub. Welfare, supra* at 318, citing *Hagans* v. *Lavine,* 415 U.S. 528, 536-538 (1974).

Although it appears that under the Constitution of the United States a State may deny all convicted felons the right to vote (see *Richardson* v. *Ramirez,* 418 U.S. 24, 54-55 [1974]), arbitrary discrimination among inmates as to their right to vote would violate Federal equal protection guarantees. See *id.* at 56. See also *O'Brien* v. *Skinner,* 414 U.S. 524, 530-531 (1974); *Owens* v. *Barnes,* 711 F.2d 25, 27 (3d Cir.), cert. denied, 464 U.S. 963 (1983); *Williams* v. *Taylor,* 677 F.2d 510, 515-516 (5th Cir. 1982). Given our determination in *Cepulonis* v. *Secretary of the Commonwealth, supra* at 936-937, that the State election laws as formerly written resulted in arbitrary disfranchisement of some inmates, it is unlikely that the statutory classification could have been defended as fulfilling some compelling State interest or even having a rational relation to a legitimate end. Recognizing both the equal protection princi-

ples considered in the cases just cited and the relatively low level test of substantiality that must be met, we have no difficulty in concluding that the plaintiffs' Federal "constitutional claim was sufficient to bring [their] action within § 1983, and to justify an award of fees under § 1988." *Stratos* v. *Department of Pub. Welfare, supra* at 319.

No "special circumstances" warrant the denial of attorneys' fees in this case. See *id.* at 319. Although it is true that, in denying Cepulonis the opportunity to have his application to register to vote considered, the registrars were following the requirements of State statutory law, adherence to statutory requirements does not relieve the registrars from liability for attorneys' fees under § 1988. See *Supreme Court of Va.* v. *Consumers Union of the U.S., Inc.,* 446 U.S. 719, 739 (1980); *Porter* v. *Treasurer & Collector of Taxes of Worcester,* 385 Mass. 335, 342 (1982); *Venuti* v. *Riordan,* 702 F.2d 6, 8 (1st Cir. 1983).

The registrars raise no objection here to the amount of fees and costs awarded, nor did they contest those amounts in the Superior Court. Thus any contest as to amounts already awarded is closed. Although we affirm the judgment, the Superior Court shall consider an award of attorneys' fees and costs in connection with the plaintiffs' representation in this appeal.

*So ordered.*