KATHERINE CRANE & others[1] *vs*. COMMISSIONER OF PUBLIC
WELFARE
(and a companion case[2]).

Suffolk.  February 5, 1987. — May 18, 1987.

Present: WILKINS, LIACOS, ABRAMS, NOLAN, & O'CONNOR, JJ.

*Civil Rights,* Attorney's fees. *Attorney at Law,* Compensation. *Paralegal.*

Where applicants for emergency assistance benefits brought an action for
   recovery of retroactive benefits from the Department of Public Welfare
   after the department had been enjoined in a Federal court action from
   deducting Federal energy assistance benefits in computing entitlements
   to emergency assistance benefits, and where the applicants were awarded
   retroactive benefits on the ground that a regulation of the department
   required the correction of underpayments resulting from "administrative
   error" within the meaning of 106 Code Mass. Regs. § 322.090 (G)
   (1979), they were entitled to an award of reasonable attorneys' fees
   pursuant to 42 U.S.C. § 1988 (1982), inasmuch as the applicants' action
   was one "to enforce a provision of [§ 1983]" within the meaning of
   § 1988, and was no less so because it also was an action under State
   law, and since it could correctly be said that the applicants had "prevailed"
   in their action to enforce § 1983, even though this court had based its
   holding on a State regulation rather than on 42 U.S.C. § 1983 (1982).
   [48-50]
In determining that plaintiffs' attorneys' fees sought pursuant to 42 U.S.C.
   § 1988 (1982) were reasonable, a judge was warranted in concluding
   that a paralegal's work was not merely ministerial but required the
   exercise of judgment, that time devoted by counsel in these cases was
   reasonable, and that "the hourly fees charged appear to be in accord
   with the average hourly rate for attorneys of similar experience and
   ability in the greater Boston area," regardless of whether the plaintiffs
   were represented by private or nonprofit counsel. [50-51]

CIVIL ACTIONS commenced in the Superior Court Department
on December 23, 1981, and January 22, 1982, respectively.

[1] 1,302 interveners.

[2] Rosemary Leighton *vs*. Commissioner of Public Welfare.

The cases were heard by *William Highgas, Jr., J.,* on a master's report, and entry of judgment was ordered by *James P. Lynch, Jr., J.*

Following remand by this court, 395 Mass. 435 (1985), for a hearing on the plaintiffs' application for attorney's fees, the case was heard by *Robert A. Mulligan, J.*

The Supreme Judicial Court granted a request for direct appellate review.

*Daniel S. Manning* for the plaintiffs.

*William L. Pardee,* Assistant Attorney General, for Commissioner of Public Welfare.

O'CONNOR, J. In the case of *Ingerson* v. *Pratt,* No. 76-3255-S (D. Mass. Sept. 17, 1981), a judge of the United States District Court for the District of Massachusetts declared that the Department of Public Welfare (department) violated Federal law by promulgating and enforcing a regulation requiring the deduction of Federal energy assistance benefits in computing entitlements to emergency assistance benefits. The judge enjoined the State defendants from continuing that practice. However, due to constraints imposed by the Eleventh Amendment to the Constitution of the United States, the judge did not order retroactive relief. Thereafter, the plaintiffs, having been members of the plaintiff class certified in *Ingerson,* requested retroactive benefits from the department. The department rejected their requests.

The present action was brought for the recovery of the retroactive benefits. The plaintiffs were successful in the Superior Court. However, the judgment was silent with respect to the right of the plaintiffs to recover attorneys' fees. The defendant appealed, and, in *Crane* v. *Commissioner of Pub. Welfare,* 395 Mass. 435 (1985) (*Crane I*), this court affirmed the decision that the plaintiffs were entitled to retroactive benefits on the ground that a regulation of the department required the correction of underpayments resulting from "administrative error." *Id.* at 443-445. However, we remanded to that court the issues whether the plaintiffs were entitled to attorneys' fees, and, if so, the amount thereof. *Id.* at 445-446.

On remand, a judge of the Superior Court concluded that the plaintiffs were not entitled to attorneys' fees. Nevertheless, recognizing the possibility of an appeal, the judge stated in his memorandum of decision that "the extensive affidavits submitted by plaintiffs' attorneys and paralegal provide a factual basis that the number of hours spent in preparing this case appear to be reasonable and that the hourly fees charged appear to be in accord with the average hourly rate for attorneys of similar experience and ability in the greater Boston area. See *Hensley* v. *Eckerhart,* 461 U.S. 424, 433 (1983)." The plaintiffs appealed from the denial of attorneys' fees, and the defendant appealed from so much of the judgment as determined that the hours and fees were reasonable. We granted the plaintiffs' application for direct appellate review. We now reverse the portion of the judgment that denied the fees and affirm the part that concluded that the hours and fees were reasonable.

Section 1988 of 42 U.S.C. (1982) authorizes trial judges to award reasonable attorneys' fees to "the prevailing party" in "any action or proceeding to enforce a provision of [§ 1983]." Section 1983 provides that persons acting under color of State law who deprive another of rights secured by the Constitution or laws of the United States "shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress." Section 1983 actions need not be based on "civil rights" legislation. *Stratos* v. *Department of Pub. Welfare,* 387 Mass. 312, 316 (1982), citing *Maine* v. *Thiboutot,* 448 U.S. 1, 4-8 (1980). Section 1983 creates a "species of tort liability" in favor of persons who are deprived of rights secured by Federal law. *Memphis Community School Dist.* v. *Stachura,* 477 U.S. 299, 305 (1986), quoting *Carey* v. *Piphus,* 435 U.S. 247, 253 (1978). See *Stratos* v. *Department of Pub. Welfare, supra* at 313-314.

Asserting this court's "jurisdiction" not only under State law but under 42 U.S.C. § 1983 (1982), as well, the complaint alleges a wrong under Federal law requiring a monetary remedy. Whether the order the plaintiffs seek is deemed to be one for the retroactive payment of benefits, or for compensation in the form of money damages, is inconsequential. In either

event, the plaintiffs assert a species of tort liability on account of the deprivation of their rights secured by Federal law. This, then, is an "action . . . to enforce a provision of [§ 1983]" within the meaning of § 1988, and it is no less so because it is also an action under State law.

The question remains whether it can fairly be said that the plaintiffs "prevailed" in their action to enforce § 1983. In *Crane I,* we did not focus on § 1983. Instead, we held that the plaintiffs were entitled to retroactive benefits because of a department regulation that required the correction of underpayments resulting from "administrative error." 106 Code Mass. Regs. § 322.090(G) (1979). *Id.* at 443-444. But, we could as well have based our holding on § 1983. It is not unlikely that we would have done so, if, instead of first proceeding in the Federal court to obtain a declaration that the State welfare regulation was invalid, the plaintiffs had elected at the outset to proceed in the State court to obtain both that declaration and money damages. The plaintiffs should not be penalized by this court's decision to base its holding on State law rather than on § 1983. Nor should the plaintiffs be penalized for taking their grievance involving questions of Federal law to the Federal court in the first instance. For these reasons, and to implement Congress's desire to create an incentive under § 1988 for plaintiffs to seek enforcement of rights secured by Federal law, see *Exeter-W. Greenwich Regional School Dist. v. Pontarelli,* 788 F.2d 47, 51 (1st Cir. 1986), we conclude that the plaintiffs are entitled to reasonable attorneys' fees for work done in connection with these cases.

Our conclusion is firmly supported in principle by *Stratos v. Department of Pub. Welfare, supra.* In that case, we recognized that "[c]omplaints brought under § 1983 may often allege both a violation of Federal constitutional provisions, which provide a basis for action under § 1983, and a violation of State law, which, standing alone, would not support an action under § 1983. In such a case, the plaintiff need not obtain a final, favorable determination of his constitutional claims in order to claim an attorney's fee under § 1988. It is enough that the constitutional claims are 'substantial,' and arise from

the same nucleus of facts on which the State law claims are based" (citations omitted). *Id.* at 317. Although the present case is distinguishable from *Stratos,* in that the plaintiffs claim violation of rights secured not by the Federal Constitution, but by Federal statutory and regulatory law, the distinction is not substantive. "The fee incentive is equally useful and necessary whether the right in question is secured by Federal law [constitutional or otherwise] alone, or by State law as well." *Id.*

We briefly discuss the defendant's contention that the judge erroneously determined that the plaintiffs' attorneys' fees are reasonable. The defendant challenges the judge's determination on three grounds: (1) paralegal time devoted to clerical or secretarial work is not compensable; (2) the attorneys spent excessive time on the cases; (3) the rates were too high.

On the basis of the paralegal's affidavit, the judge was entitled to conclude that the paralegal's work was not merely ministerial but required the exercise of judgment. Such work is compensable under § 1988. See *Burney* v. *Pawtucket,* 728 F.2d 547, 550 (1st Cir. 1984); *United Nuclear Corp.* v. *Cannon,* 564 F. Supp. 581, 589 (D.R.I. 1983). Compensation for such services "encourages cost-effective delivery of legal services and, by reducing the spiraling cost of [§ 1983] litigation, furthers the policies underlying [§ 1983]." *Cameo Convalescent Center, Inc.* v. *Senn,* 738 F.2d 836, 846 (7th Cir. 1984), cert. denied, 469 U.S. 1106 (1985).

Whether counsel spent excessive time on this litigation was a question of fact for the judge, not this court, to resolve. The judge's conclusion that the time devoted by counsel in these cases was reasonable was warranted by the materials before him. There is no suggestion in the record that the judge was not guided by correct legal principles.

Lastly, the defendant demonstrates no error in the judge's finding that "the hourly fees charged appear to be in accord with the average hourly rate for attorneys of similar experience and ability in the greater Boston area." The judge applied the correct measure, which is the "prevailing market rates in the relevant community, regardless of whether plaintiff is represented by private or nonprofit counsel." *Blum* v. *Stenson,*

465 U.S. 886, 895 (1984). Prevailing market rates are "those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation." *Id.* at 895-896 n.11.

The judgment of the Superior Court denying the plaintiffs' attorneys' fees is reversed. The judge shall enter an order that the plaintiffs are entitled to the full amount of attorneys' fees and costs claimed.

*So ordered.*