KATHY JOHNSON vs. COMMISSIONER OF PUBLIC WELFARE.

Hampden. May 4, 1994. - December 15, 1994.

Present: LIACOS, C.J., WILKINS, NOLAN, LYNCH, & O'CONNOR, JJ.

*Civil Rights*, Attorney's fees. *Statute*, Construction.

A plaintiff who prevailed on her State claim brought under 106 Code
Mass. Regs. § 303.230 (A) (2) (b) (1986), which was brought in con-
junction with a claim under 42 U.S.C. § 1983, was entitled to attor-
neys' fees under 42 U.S.C. § 1988, in connection with the prosecution
of her action in the trial court and on appellate review, where the Fed-
eral claim (which had not been decided inasmuch as the plaintiff had
prevailed on her State claim) was "substantial" and arose out of the
same nucleus of facts as her State claim. [186-191]

CIVIL ACTION commenced in the Superior Court Depart-
ment on May 9, 1991.

Following review by this court, 414 Mass. 472 (1993), the
matter of attorneys' fees was referred to the Supreme Judi-
cial Court for the county of Suffolk and, after a hearing, the
case was reported by *Abrams*, J.

*Erin Kemple* for the plaintiff.

*Judith S. Yogman*, Assistant Attorney General, for the
defendant.

*Joseph L. Kociubes, Patricia M. McCarthy, Allan G.
Rodgers, Ozell Hudson, Jr., & John Reinstein*, for Boston
Bar Association & others, amici curiae, submitted a brief.

O'CONNOR, J. In *Johnson v. Commissioner of Pub. Wel-
fare*, 414 Mass. 572 (1993) (*Johnson I*), the Department of
Public Welfare (department) had terminated the plaintiff's
Aid to Families with Dependent Children (AFDC) benefits
because her daughter had been placed in the temporary cus-
tody of the Department of Social Services. That determina-
tion was upheld on administrative appeal, and the plaintiff

sought review in the Superior Court under G. L. c. 30A, § 14 (1992 ed.), asserting claims under State law, 106 Code Mass. Regs. § 303.230 (A) (2) (b) (1986), and Federal law, 42 U.S.C. § 1983 (1988). A judge in the Superior Court allowed the department's motion for summary judgment and denied the plaintiff's cross motion. The plaintiff appealed and we granted her application for direct appellate review. In *Johnson I*, we reversed the summary judgment for the department and ordered the entry of summary judgment for the plaintiff. *Id.* at 581. Our decision was based solely on 106 Code Mass. Regs. § 303.230 (A) (2) (b).

There is no Massachusetts statute or regulation that provides for attorneys' fees in the circumstances of this case. Therefore, in *Johnson I*, we referred to a single justice the question whether the plaintiff is entitled to attorneys' fees and, if she is entitled, the amount thereof. *Id.* at 581 n.7. After a hearing, the single justice noted that there was no dispute concerning the reasonableness of the amount of the attorneys' fees requested by the plaintiff, and reserved and reported "the issue whether the plaintiff is a prevailing party entitled to attorneys' fees pursuant to 42 U.S.C. §§ 1983, 1988." We now hold that, pursuant to 42 U.S.C. § 1988 (1988), the plaintiff is entitled to attorneys' fees for services in connection with the prosecution of this action both in the Superior Court and in this court, including the present proceeding. A judgment for attorneys' fees in a specified amount shall be entered in the county court.

Title 42 U.S.C. § 1988 (1988) "authorizes trial judges to award reasonable attorneys' fees to 'the prevailing party' in 'any action or proceeding to enforce a provision of [§ 1983].' Section 1983 provides that persons acting under color of State law who deprive another of rights secured by the Constitution or laws of the United States 'shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.' . . . Section 1983 creates a 'species of tort liability' in favor of persons who are deprived of rights secured by Federal law. *Memphis Community School Dist.* v. *Stachura*, 477 U.S. 299, 305 (1986), quoting

*Carey* v. *Piphus*, 435 U.S. 247, 253 (1978). See *Stratos* v. *Department of Pub. Welfare*, [387 Mass. 312, 313-314 (1982)]." *Crane* v. *Commissioner of Pub. Welfare*, 400 Mass. 46, 48 (1987).

In earlier cases we have held that, when a plaintiff brings an action asserting claims based both on the law of the Commonwealth and on 42 U.S.C. § 1983, the plaintiff may be entitled to attorneys' fees under 42 U.S.C. § 1988 even though the court rests its decision on the merits entirely on the law of the Commonwealth. See *Crane* v. *Commissioner of Pub. Welfare, supra*; *Cepulonis* v. *Registrars of Voters of Worcester*, 396 Mass. 808, 810 (1986); *Stratos* v. *Department of Pub. Welfare, supra*. As we said in *Stratos*, "[§] 1988 creates an incentive to vindicate federally protected rights. *Maher* v. *Gagne*, 448 U.S. 122, 133 (1980). The fee incentive is equally useful and necessary whether the right in question is secured by Federal law alone, or by State law as well. Therefore, the fact that a plaintiff claiming relief under § 1983 could have obtained relief solely by means of a State remedy — even a 'routine' one — does not foreclose a fee award. *Id*. at 132 n. 15. *Draper* v. *Town Clerk of Greenfield*, 384 Mass. 444, 454 (1981)." *Stratos, supra* at 317.

The complaints in *Stratos, supra*, and *Cepulonis, supra*, alleged violation of State law and Federal constitutional law. "In such a case, the plaintiff need not obtain a final, favorable determination of his constitutional claims in order to claim an attorney's fee under § 1988. It is enough that the constitutional claims are 'substantial,' and arise from the same nucleus of facts on which the State law claims are based. *Maher* v. *Gagne, supra* at 128 n.10, 132 n.15. *Draper* v. *Town Clerk of Greenfield, supra* at 454. H.R. Rep. No. 1558, 94th Cong., 2d Sess. 4 n.7 (1976).

"The rule is a compromise between accurate application of § 1983 and § 1988, and traditional policy of refraining from unnecessary resolution of constitutional questions. The applicable definition of a 'substantial' constitutional claim has been imported from cases involving Federal jurisdiction to entertain claims based on State law. E.g., *Hagans* v. *Lavine*,

415 U.S. 528, 536-538 (1974). H.R. Rep. No. 1558, *supra.* *Maher* v. *Gagne, supra. Draper* v. *Town Clerk of Greenfield, supra.* A claim properly alleged survives the test of substantiality unless 'it is "obviously without merit" or . . . "its unsoundness so clearly results from the previous decisions of [the Supreme Court] as to foreclose the subject and leave no room for the inference that the question sought to be raised can be the subject of controversy." ' *Hagans* v. *Lavine, supra* at 537, quoting from *Ex parte Poresky*, 290 U.S. 30, 32 (1933)." *Stratos* v. *Department of Pub. Welfare, supra* at 317-318.

The commissioner argues that the formula articulated above applies only to cases in which the plaintiff's Federal claim is constitutionally based and that, since the plaintiff's Federal claim here is simply that the department failed to comply with a Federal regulation, the plaintiff must demonstrate that Congress intended that, in the circumstances of this case, she would have a private remedy — a cause of action — under § 1983. The commissioner asserts that, for entitlement to attorneys' fees under § 1988, it is not enough for the plaintiff to show that she had a "substantial claim," that is, a claim not obviously lacking in merit. Instead, the commissioner argues, the plaintiff must show that she has a meritorious cause of action under § 1983. Premised on that contention, the commissioner then argues that the plaintiff has not met that standard; that she has not shown and cannot show that she is entitled to recover damages under § 1983.

*Stratos* v. *Department of Pub. Welfare, supra,* and *Cepulonis* v. *Registrars of Voters of Worcester, supra,* did indeed involve alleged violations of State law and the United States Constitution, and in each case this court's opinions expressly focused on that fact. In neither opinion, however, did the court intimate that the substantiality test would not apply to a case in which the plaintiff's State claim arises from the same nucleus of facts as the plaintiff's Federal claim and the Federal claim is based on a statute or regulations rather than on the United States Constitution. Subsequently, in

*Crane* v. *Commissioner of Pub. Welfare, supra,* we held that the plaintiff was entitled to attorneys' fees under 42 U.S.C. § 1988 in connection with litigation in which the plaintiff had been awarded damages solely under State law although she had made claims under both State law and § 1983. The § 1983 claim was based on alleged violations of Federal statutory and regulatory law, not constitutional law. Significantly with respect to that case, we reasoned as follows:

> "Our conclusion is firmly supported in principle by *Stratos* v. *Department of Pub. Welfare, supra.* In that case, we recognized that '[c]omplaints brought under § 1983 may often allege both a violation of Federal constitutional provisions, which provide a basis for action under § 1983, and a violation of State law, which, standing alone, would not support an action under § 1983. In such a case, the plaintiff need not obtain a final, favorable determination of his constitutional claims in order to claim an attorney's fee under § 1988. It is enough that the constitutional claims are "substantial," and arise from the same nucleus of facts on which the State law claims are based' (citations omitted). *Id.* at 317. Although the present case is distinguishable from *Stratos,* in that the plaintiffs claim violation of rights secured not by the Federal Constitution, but by Federal statutory and regulatory law, the distinction is not substantive. 'The fee incentive is equally useful and necessary whether the right in question is secured by Federal law [constitutional or otherwise] alone, or by State law as well.' *Id.*"

*Crane, supra* at 49-50.

We reaffirm that principle in this case. In a case in which the plaintiff alleges a violation of State law and also a violation of Federal statutory or regulatory law and seeks recovery under 42 U.S.C. § 1983, the plaintiff is entitled to attorneys' fees under 42 U.S.C. § 1988 if he establishes his claim under State law and his Federal statutory or regulatory

claim arises from the same nucleus of facts on which the State law claim is based, and is substantial. The Federal law claim is substantial unless it is so obviously without merit that there can be no reasonable controversy about it.

The Federal regulation relevant to this case, 45 C.F.R. § 233.90 (c) (1) (v) (B) (1994), was promulgated to implement 42 U.S.C. § 602 (a) (10) (1988), which requires that assistance be provided "to all eligible individuals." The regulation states: "A home is the family setting maintained . . . as evidenced by assumption and continuation of responsibility for day to day care of the child by the relative with whom the child is living. A home exists so long as the relative exercises responsibility for the care and control of the child, even though either the child or the relative is temporarily absent from the customary family setting. . . ." We are satisfied that the plaintiff's § 1983 claim here is significantly distinguishable from the claim in *Suter* v. *Artist M.*, 503 U.S. 347 (1992), on which the commissioner substantially relies in arguing that the plaintiff here would not prevail on her § 1983 claim. Unlike the Federal statute in *Suter, supra* at 360-362, which was so vague and amorphous that it did not require the State to do anything more than adopt a plan with certain specified contents, the Federal statute and implementing Federal regulation here focus clearly on who the intended beneficiaries are and are sufficiently specific to require the States to conform their conduct to the dictates of the statute. The plaintiff in this case is an intended beneficiary of the AFDC program, *Johnson I, supra*, at 578-581, and the Federal temporary absence regulation. See 45 C.F.R. § 233.90 (c) (1) (v) (B). Thus, because the Federal statute and Federal regulation provide the plaintiff with a right to the same benefits provided by State law (AFDC) in the circumstances of this case, it follows that it is at least fairly arguable that a cause of action exists under § 1983. We need not decide whether the plaintiff would have prevailed on her Federal claim. We are satisfied that her Federal claim arises out of the same nucleus of facts as her State claim and is at least

"substantial." Therefore an award of reasonable attorneys' fees is appropriate.

We reject the commissioner's contention that we should deny counsel fees as a matter of discretion. "Discretion to deny fees . . . is limited. Congress intended that successful plaintiffs 'should ordinarily recover an attorney's fee unless special circumstances would render such an award unjust.' S. Rep. No. 1011, 94th Cong., 2d Sess. 4 (1976), reprinted in [1976] U.S. Code Cong. & Ad. News 5908, 5912, quoting from *Newman* v. *Piggie Park Enters. Inc.*, 390 U.S. 400, 402 (1968). *Porter* v. *Treasurer & Collector of Taxes*, 385 Mass. 335, 339, 341-342 (1982). See *Draper* v. *Town Clerk of Greenfield, supra.*" *Stratos* v. *Department of Pub. Welfare, supra* at 319. ·

The plaintiff is entitled to reasonable attorneys' fees for services in connection with the prosecution of this action both in the Superior Court and in this court, including the present proceeding. A judgment for attorneys' fees in a specified amount shall be entered in the county court after a hearing before a single justice if necessary.

*So ordered.*