Fremont-Smith, J.
On or about January 20, 1994, the plaintiff, Cecile Tesson (“Tesson”) brought this action against the defendant, the Commissioner of the Department of Public Welfare (the “Department”), alleging a violation of state law relative to the denial of her September 7, 1993 applications for AFDC and EAEDC. In her complaint, Tesson sought review, pursuant to M.G.L.c. 30A, §14, of a December 22, 1993 decision of the Welfare Appeals Referee denying her applications for AFDC and EAEDC benefits. On September 21, 1994, Tesson moved for summary judgment, which motion was opposed by the Department. Shortly thereafter, Tesson moved, without opposition, to amend her complaint, seeking to add federal law claims relative to the Department’s denial of her 1993 AFDC and EAEDC applications, which motion was allowed. On or about February 16, 1995, Tesson filed an amended complaint, adding a claim of racial discrimination under 42 U.S.C. §1981 and aclaim of civil rights violations pursuant to 42 U.S.C. §1983 arising out of the 1993 denial of her applications for AFDC and EAEDC benefits.
On or about April 14, 1995, Tesson’s motion for summary judgment was denied by the Court (Donohue, J.), and summary judgment was entered for the Department. The Appeals Court reversed, finding that the Department had misinterpreted an unambiguous state regulation regarding the existence of “inaccessible assets” when it denied Tesson’s 1993 applications for AFDC and EAEDC. The Appeals Court remanded the case to the Superior Court with the direction that it be further remanded to the Department to determine the amount of retroactive benefits due Tesson on the basis of her 1993 applications, and to report such determination to the Superior Court, which was directed to then award the appropriate benefits. See Tesson v. Dept of Transitional Assistance, 41 Mass.App.Ct. 479, 484 (1996).
Tesson now moves for an award of attorneys fees pursuant to 42 U.S.C. §1988 pursuant to her amended complaint which alleges, in addition to the state law claims upon which she prevailed, violations under 42 U.S.C. §§1981 and 1983. After hearing and the Court’s consideration of the submissions of the parties, Tesson’s motion for attorneys fees pursuant to 42 U.S.C. §1988 is DENIED.
DISCUSSION
Citing Johnson v. Commissioner of Public Welfare, 419 Mass. 185, 186-91 (1994), Tesson first asserts that she is entitled to an award of attorneys fees pursuant to 42 U.S.C. §1988 where her federal claims under 42 U.S.C. §§1981 and 1983 “are ‘substantial’ and arise from the same nucleus of facts on which the state law claims are based.” The Department argues, however, that Tesson’s motion for attorneys fees should be denied where she failed initially to assert a valid, independent violation of a federal statute, regulation or the U.S. Constitution, which must be asserted in order to provide a basis for liability under 42 U.S.C. §1983. Specifically, the Department contends that Tesson amended her complaint more than a year after her original filing, adding counts under 42 U.S.C. §§1981 and 1983 solely in an attempt to secure attorneys fees, so that her federal claims are not “substantial.”
It is well settled, however, that “[c]omplaints brought under [§] 1983 may often allege both a violation of Federal constitutional provisions, which provide a basis for action under [§] 1983, and a violation of state law, which, standing alone, would not support an action under [§]1983.” Stratos v. Department of Public Welfare, 387 Mass. 312, 317 (1982). Moreover, a “plaintiff need not obtain a final, favorable determination of his constitutional claims in order to claim an attorneys fee under 1988. It is enough that the constitutional claims are ‘substantial’ and arise from the same nucleus of facts on which the state law claims are based.” Id. (Citations omitted.)
Here, as in Stratos, supra, “(t)here is no question that [the plaintiffs] constitutional claim arose from the same facts as did [her] claims under state law ... the issue is whether the constitutional claim was substantial.” Id. at 318. “A claim properly alleged survives the test of substantiality unless it is ‘obviously without merit’ or . . . ‘its unsoundness so clearly results from the previous decisions of [the Supreme Court] so as to foreclose the subject and leave no room for the inference that the question sought to be raised can be the subject of controversy.’ ” Johnson v. Commissioner of Public Welfare, 419 Mass. 185, 188 (1994) (citations omitted); see also Stratos, 387 Mass. at 317-18. In Stratos, supra, the Supreme Judicial Court held that a plaintiffs claim of denial of equal protection arising out of a department regulation which provided assistance for replacement of washing machines but denied assistance for first-time purchase of such machines was sufficient to: (1) bring the action within 42 U.S.C. §1983; and (2) justify an award of attorneys fees pursuant to 42 U.S.C. §1988. In addition, in Johnson, supra, the Supreme Judicial Court held that a plaintiff who prevailed solely on her state law claim was entitled to an award of attorneys fees under 42 U.S.C. §1988 where her federal claim, although, as the case here, was not decided, was nevertheless “substantial and arose out of the same nucleus of facts as her state claim.” Id. at 189.
*140 Here, although Tesson’s amended complaint was allowed to be filed more than a year after her original complaint, it alleged the same nucleus of facts in support of her allegations that the Department’s 1993 denial of AFDC and EAEDC benefits violated 42 U.S.C. §§1981 and 1983, and the Court finds that her federal claims do meet the test of substantiality. Here, as in Johnson, supra, the Appeals Court has concluded that the state regulation is not amorphous and ambiguous, as was the case in Suter v. Artist M., 112 S.Ct. 1360, 1368-69 (1992), but is “unambiguous,” Tesson, supra, at 482, so that the §1983 claim cannot be said to be insubstantial.
The Department further urges that, even were this Court to find that Tesson asserted a substantial claim under 42 U.S.C. §1983, this Court, as an exercise of discretion, should not award fees. But, while it is well settled that 42 U.S.C. §1988 does not require a court to award fees in every case to which it applies, the “discretion to deny fees, however, is limited. Congress intended that successful plaintiffs ‘should ordinarily recover an attorneys fee unless special circumstances would render such an award unjust.’ ” Stratos v. Department of Public Welfare, 387 Mass. 312, 319 (1982) (citations omitted).
Finally, however, while no qualified immunity analysis was performed in Johnson, supra, giving the appearance that none need be done, earlier cases indicate that a state official, such as the Commissioner, would not be liable under 42 U.S.C. §1983 unless the plaintiff can prove that-the state official “directly participated in violating the plaintiffs ‘clearly established’ rights.” O’Malley v. Sheriff of Worcester County, 415 Mass. 132 (1993) (citations omitted). A government official enjoys a qualified immunity from suit for civil damages when he or she is performing a discretionary function and when, “at the time of the challenged action, the statutory or constitutional right allegedly violated was not ‘clearly established.’ ” Breault v. Chairman of Fire Comm’r of Springfield, 401 Mass.26, 32 (1987) (citations omitted). See Harlow v. Fitzgerald, 457 U.S. 800, 817-18 (1982) (establishing qualified immunity standard under 42 U.S.C. §1983); See also Anderson v. Creighton, 483 U.S. 635, 641 (1987) (qualified immunity allows a defendant to move for summary judgment on the ground that, based on “clearly established” rights, he could reasonably have believed his acts to be lawful). Here, plaintiff has not asserted, much less proven, that, prior to the Appeals Court decision in this case, plaintiffs rights in the particular circumstances here were clearly established.
ORDER
Accordingly, Tesson’s motion for attorneys fees and costs pursuant to 42 U.S.C. §1988 is DENIED.