Botsford, Margot, J.
The plaintiff, Joanne DeProfio, brings this action to challenge the decision of the defendant Waltham Housing Authority (WHA), to terminate her participation in the Federal Section 8 Housing Choice Voucher Program (Section 8 program) that WHA administers under a contract with the Department of Housing and Urban Development (HUD) pursuant to G.L.c. 12 IB, §11, and Section 8 of the Housing Act of 1937, 42 U.S.C. §1437(f). The plaintiff brings claims under 42 U.S.C. §1983, and the Federal and State Constitutions. The plaintiff sought preliminary injunctive relief when she filed her complaint, and a judge sitting in this court (Brant, J.) ordered, pursuant to Mass.R.Civ.P. 65(b)(2), that the application for preliminary injunction be heard in conjunction with a trial on the merits. That trial was held before me on June 18, 2007.
Set forth below are my findings of fact and a discussion of the legal issues raised.

*678
Findings of Fact

The plaintiff is a teacher at the Watertown Head Start program; she makes $1,800 to $1,900 per month. She lives at 590 Moody Street in Waltham with her two daughters, aged ten and thirteen. She rents her apartment; the landlord is Harris Griff.
The plaintiff has been a participant for more than five years in the Section 8 program administered by the defendant WHA. As a participant, she has had a Section 8 housing voucher. For as long as she has participated in the Section 8 program, the plaintiff has, lived at 590 Moody Street, and her rental arrangement has been governed by a lease between her and Harris Griff, her landlord. Under the terms of the lease in effect in 2006, the monthly rent was $1,200, of which the plaintiff paid $621, and the WHA paid $579 in the form of a rental subsidy or housing assistance payment.
In the fall of 2006, the plaintiff fell behind in her rent, and by the end of November 2006, she owed her landlord approximately $500 in unpaid rent. On November 27, 2006, the landlord commenced a summary process action against her in the Waltham District Court. A hearing date was set for December 7, 2006.
On December 6, 2006, WHA sent a letter to the plaintiff notifying her that she was terminated from the Section 8 program, and her Section 8 voucher was cancelled. The reasons given for this action were (1) nonpayment of rent and a pending eviction action, and (2) that a John Kimball was living in the residence. The notice stated that as of January 1, 2007, she would be responsible for the total monthly rent owed to the Landlord. The notice also informed the plaintiff that if she disagreed with the decision, she could request a hearing. The plaintiff did so on December 9, 2006.
On December 7, 2006, the plaintiff appeared at the Waltham District court hearing on the summary process action. The plaintiff, who appeared pro se, entered into an agreement for judgment with her landlord. The form agreement was filled in with handwritten entries, and it provides in relevant part as follows:
It is agreed that judgment shall enter in this action for Griff [the landlord], Plaintiff herein, against Kimball [sic.], Defendant herein:
1. for possession of 590 Moody St., Waltham, Massachusetts;
2. and damages in the sum of see below, plus costs:
3. Execution to issue 2/28/07
4. In addition, the parties agree to the following:
Defendant [sic.] may remain on premises until 2/28/07 on the condition they [sic.] make the following payments to Atty. Katsenes [landlord’s attorney] by money order or cert, check:
$535 by 12/15/06
$535 by 1/1/07
$530 by 2/1/07
If payment not timely made eviction to issue.
(Trial ex. 4.)[1]
WHA notified the plaintiff by letter dated December 12, 2006, that her requested hearing on the termination notice would be held January 4, 2007. The letter also stated: “Please note that in accordance with HUD regulations your Section 8 rental subsidy will continue until at least thirty (30) days after a decision in your case has been issued.”
The plaintiffs hearing before WHA was held as scheduled on January 4, 2007, with John Gollinger, the assistant executive director of WHA, serving as hearing officer. The plaintiff presented a copy of the agreement for judgment and proof of her first two timely payments under its terms, as well as information concerning John Kimball. The record was kept open for some time, and the plaintiff submitted proof to WHA of her additional payment to the landlord under the terms of the agreement for judgment. Nonetheless, by letter dated February 12, 2007, WHA notified the plaintiff that her appeal was denied:
Based on the Summary Judgment [sic], issued by the Waltham District Court on behalf of your landlord Harris Griff, your tenancy was terminated by the Court for non-payment of rent. Such evidence is proof of violation of tenant obligation under your Section 8 Housing Choice Voucher (HCV). You did not provide any information during your hearing to contradict the court finding. As a consequence, your appeal of the termination of your Housing Choice Voucher is denied. The Housing Assistance Contract (HAP) with your landlord ended December 31, 2006. And because of the termination of your assistance no Voucher will be reissued to you.
(Trial ex. 10.)[2]
Following receipt of this letter, the plaintiff received a copy of a letter from her landlord’s attorney that was sent to the Waltham District Court and received by the court on March 2, 2007, which stated that the plaintiffs summary judgment case “has been satisfied in full.” (Trial ex. 11.) The plaintiff provided a copy of that letter to WHA, but on March 20, 2007, she received a final letter from WHA reaffirming that “based on the Summary Judgment [sic] issued by the Waltham District Court and the Summary Process Docket supplied by you, your tenancy was terminated by the Court for non-payment of rent. This is a violation of one of the obligations under the Section 8 Housing Choice Voucher Program and thus, is cause for the termination of your Voucher. We had previously informed you of this fact in our February 12, 2007 letter.” (Trial ex. 12.)
Despite WHA’s written notice to the plaintiff that her rental subsidy would continue until 30 days following its decision on her appeal (March 12, 2007, in *679 the plaintiffs case),[3] WIHA never made any housing assistance payments to the plaintiffs landlord after December 31, 2006.
In accordance with his letter stating that the summary process matter had been satisfied in full, Harris Griff, the landlord, did not take any action to evict the plaintiff. Instead, he permitted her, and continues to permit her, to live in the apartment at 590 Moody Street in Waltham as a month-to-month tenant at will, on the condition that she pay $900 per month in rent — a reduction of $300 per month from the rental amount in the lease. The plaintiff paid that rent in March, April and May of 2007. A preliminary injunction entered by this court in June of 2007 required WHA to pay its portion of the rent in June.[4]

Discussion

A. Claim under 42 U.S.C. §1983.

The plaintiff brings a claim on 42 U.S.C §1983 (§1983),[5] and argues that in terminating her participation in the Section 8 program and canceling her Section 8 voucher, WHA violated the Section 8 program statute, 42 U.S.C. §1437(f), and in particular its implementing regulations.[6] There are several of these regulations at issue: 24 C.F.R. §§982.311(b), 982.552(b)(2), and 982.555.
Before consideration of the plaintiffs regulatory claims, it is necessary to determine whether she is entitled to bring these claims under §1983. The answer is yes. A recipient of Federal public housing assistance under the Section 8 program has a property interest in the continued availability of that assistance, and can pursue a remedy under §1983 if that assistance is terminated in violation of her Federal constitutional or statutory rights. See Wojcik v. Lynn Housing Auth’y, 66 Mass.App.Ct. 103, 105 n.4, 115-16 (2006). See also, e.g., Baldwin v. Housing Auth’y of City of Camden, 278 F.Sup.2d 365, 378 (D.N.J. 2003); Holly v. Housing Auth’y of New Orleans, 684 F.Sup. 1363, 1365-67 (E.D.La. 1988). Cf. New Bedford Housing Auth’y v. Olan, 435 Mass. 364, 370 n.9 (a tenant in public housing has a property interest in that housing); Madera v. Secretary of the Executive Office of Communities & Dev., 418 Mass. 452, 459-60 (1994) (plaintiff had a property interest in his eligibility for public housing). I therefore turn to the regulations on which the plaintiff bases her claims.
1. 24 C.ER. §982.311(b). Section 982.311 governs payments by the public housing authority (PHA) (here, the WHA) to the landlord of a tenant with a Section 8 voucher.
Section 982.311(b) focuses on termination of such payments, and provides in relevant part:
(b) Termination of payment: When owner terminates the lease. Housing assistance payments terminate when the lease is terminated by the owner in accordance with the lease. However, if the owner has commenced the process to evict the tenant, and if the family continues to reside in the unit, the PHA must continue to make housing assistance payments to the owner in accordance with the HAP contract until the owner has obtained a court judgment or other process allowing the owner to evict the tenant. The [P]HA may continue such payments until the family moves from or is evicted from the unit.
(Italicized emphasis original; bold emphasis supplied.) As the findings above reflect, the plaintiffs landlord commenced a summary process action, and on December 7, 2006, the plaintiff agreed to a payment plan. She abided by that payment plan and the landlord, through his attorney, notified the Waltham District Court on March 2, 2007, that the judgment had been fully satisfied.
Judgments and executions in summary process actions are governed by G.L.c. 239, §3. In a summary process action based on nonpayment of rent (as in this case), this section provides that if the underlying money judgment is fully satisfied, the landlord may not execute on the judgment and evict the tenant. Rather, “(if the underlying money judgment has been fully satisfied and use and occupancy fully paid, the defendant [tenant] shall be considered a lawful tenant and may enforce this right through judicial process, including injunctions barring the issuance of or levying upon the execution . . .[7]
In light of the quoted provisions in G.L.c. 239, §3, the agreement for judgment executed by the plaintiff and her landlord on December 7, 2006, is reasonably understood to allow the landlord to evict the plaintiff only contingently: contingent either on her failing to abide by the terms of the agreement for judgment, or on the landlord’s not accepting the money received as full satisfaction of the money judgment. Neither of these contingencies came into play at any time on or after December 7, 2006. Accordingly, when one considers 24 C.F.R. §982.311(b)’s requirement that a housing authority continue to pay the landlord until he or she “has obtained a court judgment or other process allowing the [landlord] to evict the tenant” in the cqntext of G.L.c. 239, §3,[8] the conclusion seems clear that the plaintiffs landlord did not obtain a court judgment on December 7, 2006, which actually allowed him to evict the plaintiff. WHA's contrary argument must be rejected. It follows that WHA’s termination of housing assistance payments to the landlord on behalf of the plaintiff as of December 31, 2006, was in violation of 24 C.F.R. §982.311(b).

2. 24 C.F.R. §982.552(b)(2)

This section provides as follows:
(b) Requirement to deny admission or terminate assistance . . .
(2) The PHA must terminate program assistance for a family evicted from housing assisted *680 under the program for serious violation of the lease.
...[9]
I accept WHA’s position that eviction for non-payment of rent is a “serious violation of the lease” that would require program termination. However, as the facts indicate, the plaintiff in this case was not evicted.[10] Thus, WHA’s reliance on 24 C.F.R. §982.552(b)(2), to justify its termination of the plaintiff from the Section 8 program and cancellation of her Section 8 voucher is misplaced and erroneous.

3. 24 C.F.R. §982.555.

This regulation directs that a housing authority must give a family participating in the Section 8 program
... (a) ... (1) an opportunity for an informal hearing to consider whether the following PHA decisions relating to the individual circumstances of a participant family are in accordance with the law, HUD regulations and PHA policies:
(v) A determination to terminate assistance for the participant family because of the family’s action or failure to act (see §982.552).
(2) In the cases described in paragraphs (a)(1)(iv), (v) and (vi) of this section, the PHA must give the opportunity for an informal hearing before the PHA terminates housing assistance payments for the family under an outstanding HAP contract.
24 C.F.R. §982.555(a)(1)(v), (a)(2).
Here, WHA does not dispute that it terminated the housing assistance payments it was making to the plaintiffs landlord as of December 31, 2006. WHA, however, did not even hold the informal hearing requested by the plaintiff until January 4, 2007. The premature cessation of payments violated 24 C.F.R. §982.555(a)(2). See Carter v. Lynn Housing Auth’y, 66 Mass.App.Ct. 117, 121 n.7 (2006) (“. . . the HUD regulations are designed to afford the tenant who has received a termination notice a ‘pretermination’ hearing — which occurs after receipt of the notice, but before benefits are actually terminated — that satisfies due process principles”). Moreover, WHA notified the plaintiff in writing that it would continue making the housing assistance payments until “at least thirty (30) days after a decision in [her] case has been issued.” Clearly, WHA violated its own written commitment by its action.
4. Summary.
WHA does not offer any explanation for its termination of benefits as of December 31, 2006, despite the requirement of 24 C.F.R. §982.555(a)(2), that it continue making housing assistance payments until the plaintiffs requested informal hearing on her appeal was held, and despite its own commitment to continue payments until after its decision on the plaintiffs appeal. Further, WHA has not pointed to any other statutoiy or regulatory provision beyond 24 C.F.R. §§982.311 (b) and 982.552(b)(2), to justify or permit its substantive termination decision, and I have found none. I conclude, therefore, that WHA terminated the plaintiffs housing assistance payments, her Section 8 voucher, and her participation in the Section 8 program in violation of the governing Federal statute and regulations.[11]

B. Damages

The plaintiff claims, without dispute, that in March, April and May of 2007, she paid her landlord $900 each month in rent, which was above the amount she was obligated to pay when she had a Section 8 voucher. She is entitled to recover the excess payments from WHA as damages under §1983. The amount is $837 (($900- $621) x 3).[12]

B. 42 U.S.C. §1988

When a plaintiff prevails on claims brought under §1983, 42 U.S.C. §1988 provides that “. . . the court, in its discretion, may allow the prevailing party ... a reasonable attorneys fee as part of the costs.” The plaintiff here has prevailed on her claims that she has been deprived of rights secured to her by Federal law, viz., 42 U.S.C. §1437(f), and its implementing regulations discussed above. Moreover, in light of the plaintiffs recognized property interest in the Section 8 benefits she was receiving,[13] WHA’s termination on December 31, 2006, of the housing payments being made for the plaintiffs benefit before giving her an informal hearing assistance constitutes a deprivation of property without due process. See, e.g., Ferguson v. Metropolitan Dev. & Hous. Agency, 485 F.Sup. 517, 521-24 (M.D.Tenn. 1980). See also Edgecomb v. Housing Auth’y of Vernon, 824 F.Sup. 312, 314-15 (D.Conn. 1993). Compare Wojcik v. Lynn Housing Auth’y, 66 Mass.App.Ct. 103, 115-16 (2006). I conclude that in the circumstances, she is entitled to an award of an attorneys fee under §1988. See Johnson v. Commissioner of Pub. Welfare, 419 Mass. 185, 186-91 (1994).
The plaintiffs attorneys have submitted affidavits that set forth the hourly rate they would be charging and the number of hours spent on this case. The plaintiff has been represented by three individuals, all connected to the Boston College Legal Assistance Bureau in Waltham, Massachusetts. One of the two attorneys, Paul Tremblay, is a Massachusetts attorney with 25 years experience, a clinical professor at Boston College Law School since 1982, and a supervising attorney at the legal assistance bureau. The other attorney is Ann Donovan, who has been a practicing lawyer engaged in a civil litigation practice in Massachusetts since 1988, and has been serving as a part-time supervising attorney at the legal assistance bureau during the summer of 2007. The plaintiffs third representative is a student attorney, Arthur Guray, who has recently completed his second year of *681 studies at Boston College Law School, and has served as a student attorney at the legal assistance bureau since September 2006.
I have reviewed the affidavits submitted by Tremblay, Donovan, and Guray, and have considered the factors set forth in Linthicum v. Archambault, 379 Mass. 381, 388-89 (1979). See Simon v. Solomon, 385 Mass. 91, 113 (1982). I conclude that the hourly fees charged by the three individuals $250 per hour for Tremblay, $300 per hour for Donovan, and $75 per hour for Guray[14]—are eminently reasonable. I also conclude that the hours devoted by each are reasonable, with some downward adjustment made for time spent by Tremblay and Donovan in reviewing and working with the student attorney Guray. In particular, I find that a reasonable fee for the work performed by Tremblay is $1475, for the work performed by Donovan is $4050, and for the work performed by Guray is $4530. The total attorneys fee to be awarded therefore comes to $10,055. WHA has not offered any opposition to the fees sought by the plaintiffs attorneys. With respect to costs, the plaintiff seeks to recover $100, the cost of service of process. Again, there is no opposition. The plaintiff is entitled to recover this cost.
ORDER
For the foregoing reasons, it is ordered that a final judgment enter in this case as follows:
1. On Count III of the plaintiffs complaint, it is ordered, adjudged and decreed that the defendant Waltham Housing Authority immediately reinstate the plaintiff Joanne DeProfio as a participant in the Section 8 Housing Choice Voucher Program that the defendant administers pursuant to G.L.c. 121B, §11, and 42 U.S.C. § 1437(f), the reinstatement to be effective as of December 31, 2006; and (b) reissue to the plaintiff a Section 8 Housing Choice Voucher of Participation, to be effective as of the same date. Judgment is to further enter in favor of the plaintiff in the amount of $837.00, plus attorneys fees in the amount of $10,055.00, and costs in the amount of $100.00.
2. Counts I, II, and IV of the plaintiffs complaint are dismissed.

 John Kimball is named as the defendant in the landlord’s summary process action, and appears to have signed the agreement for judgment along with the plaintiff DeProfio.

As this letter indicates, WHA based its termination decision on a finding of nonpayment of rent, and not on any issue related to John Kimball. WHA’s witness, John Gollinger, confirmed at the trial that WHA was satisfied with the plaintiffs explanation concerning John Kimball.

WHA’s written decision denying the plaintiff s appeal was dated February 12, 2006. (Trial ex. 10.)

There is no evidence whether the plaintiff paid her portion that month, but there is also no evidence suggesting that the plaintiff has moved to another address. I assume she remains at 590 Moody Street.

Section 1983 provides in relevant part, “Every person who, under color of any statute, ordinance, [or] regulation ... of any State . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress ..."

For a clear and succinct description of the Section 8 program and its statutory origins, see Wojcik v. Lynn Housing Auth’y, 66 Mass.App.Ct. 103-04 n.2 (2006).

General Laws, c. 239, §3, ¶6, provides in pertinent part:
If the underlying money judgment in any summary process action for nonpayment of rent in premises rented or leased for dwelling purposes has been fully satisfied, together with any use and occupancy accruing since the date of judgment, the plaintiff [landlord] shall be barred from levying on any execution for possession that has issued and shall return the execution to the court fully satisfied. If no execution has issued, the plaintiff shall notify the court of the satisfaction of judgment and no execution shall issue thereafter. If the underlying money judgment has been fully satisfied and use and occupancy fully paid, the defendant shall be considered a lawful tenant and may enforce this right through judicial process, including injunctions barring the issuance of or levying upon the execution . . .

This contextual consideration is necessary, since the tenancy relationship of the plaintiff with her landlord is governed by Massachusetts law.

Termination of assistance” is defined in 24 C.F.R. §982.552(a)(3) as including “. . . any or all of the following: refusing to enter into a HAP contract or approve a lease, terminating housing assistance payments under an outstanding HAP contract, and refusing to process or provide assistance under portability procedures.” (Emphasis supplied.)

WHA argues that the word “evicted” should be understood according to its Black’s Law Dictionary definition, which WHA quotes as “the act or process of legally dispossessing a person of land or rented property.” Therefore, the argument seems to conclude, the plaintiff should be considered “evicted” by virtue of the agreement for judgment that she signed. The argument fails. The HUD regulations speak separately of a judgment “allowing the [landlord] to evict the tenant” (24 C.F.R. 982.311(b)), and a family or participant “evicted from housing . . .” (24 C.F.R. §982.552(b)(2). The different language used indicates that when the regulations use the word “evicted,” they mean physically evicted, not legal process permitting an eviction. Moreover, even if this were not so, in this case, the landlord only had a judgment conditionally allowing eviction, and the necessary conditions never came to pass. (See p.6 above, where this issue is discussed.)

Since I conclude the plaintiff has established her claims of violation of federal law under §1983, and since the relief to which she is entitled does not appear to be different under her other claims, I do not reach those claims. See, e.g. Holly v. Housing Auth'y of New Orleans. 684 F.Sup. 1363, 1365 (E.D.La. 1988).

The plaintiff seeks an order requiring WHA to pay her landlord the housing assistance payments it did not make in January through May. Harris Griff, the landlord, is not a party to this action, and therefore I am not in a position to order WHA to make payments to him.

See the discussion and cases cited on p. 5 above.

Arthur Guray, who served as the plaintiffs lead attorney at the trial, conducted himself and represented his client in an extremely, competent and professional way throughout.