McCann, John S., J.
This is a collection case. The plaintiff Turflinks, Inc. seeks to collect $106,000 for goods (fertilizer) sold and delivered to a golf club organization. The matter initially came before this court on Turflinks, Inc.’s Motion for Summaiy Judgment against Twin Hills Realty, Inc. This court allowed the Motion for Summaiy Judgment. The court assessed damages of $106,808 together with interest and attorneys fees. The agreement between the parties allowed for “reasonable” attorneys fees.[1] The court allowed 45 days for counsel for Turflinks, Inc. to file a request for attorneys fees; and allowed Twin Hills Realty, Inc. 30 days thereafter to file an opposition. An appropriate request for attorneys fees and an opposition were filed.
Turflinks, Inc. was the sole plaintiff. There are four defendants, Twin Hills Really, Inc., Wolf Swamp Enterprises, LLC, Atillio Cardaropoli, Trustee of Twin Hills Realty Trust and Wolf Swamp Enterprises, LLC. The latter was dismissed out in the early stages of the case, therefore leaving three defendants.
There were several cross claims among the defendants. There were no counterclaims asserted against Turflinks by Twin Hills Realty, Inc.
Plaintiff Turflinks filed a motion for summaiy judgment against Twin Hills Realty, Inc. which was allowed by this court. The invoice for the goods sold and delivered provided for “reasonable” attorneys fees and costs. Counsel for Turflinks filed a request for costs in the amount of $4,936 and attorneys fees in the amount of $192,330.95. The court scheduled a hearing on the issue of attorneys fees and costs. Prior to the hearing Kevin P. O’Flaherty, Esq. filed a supplemental affidavit in support of his application for attorneys fees and costs of collections. Twin Hills Really, Inc. filed a motion to strike the supplemental affidavit.
Additionally, Wolf Swamp Enterprises, LLC and Twin Hills Really Trust filed a separate motion for summaiy judgment as to Twin Hills Realty, Inc. which did not involve Turflinks, Inc.
At the hearing on the issue of attorneys fees the court requested Attorney O’Flaherty to submit the fee agreement between his firm and Turflinks. He submitted a document entitled “Engagement Terms” setting forth the billing relationship between the firm of Goulston & Storrs and Turflinks, Inc. That fee agreement shall be impounded by this court subject to inspection only by any counsel of record, but not to be published by any parly.
There is no contingent fee agreement. The engagement terms between Turflinks and counsel provided that rates will be charged in the following manner:
(a) Attorneys fees for the attorney in charge of the case at $575 per hour which escalated to $605 per hour during the pendency of this case.
(b) Attorneys fees for associate attorneys at $430 per hour which escalated to $505 per hour during the pendency of this case.
(c) Paralegal fees at the rate of $200 per hour. Throughout the litigation Turflinks was represented by Attorney Kevin O’Flaherty as the attorney in charge and Attorneys Kerry Scarlott and Elizabeth Levine as associate attorneys, and by Albina Root as a paralegal.
DISCUSSION
Determining what constitutes a reasonable attorney fee award is a process committed to the sound discretion of the judge who is in the best position to determine how much time was reasonably spent on a case and the fair value of the attorneys’ services. Berman v. Linnane, 434 Mass. 301, 302-03 (2001). The fees assessed must be reasonable in the circumstances of each case. See Gagnon v. Shoblom, 409 Mass. 63, 67 (1991) (“the courts are not powerless to act in disapproving ... a fee which is plainly unreasonable”).
*615 The court is aware of the “lodestar” method which simply involves multiplying the number of hours reasonably spent on a case by a reasonable hourly rate. Fontaine v. Ebtec Corp., 415 Mass. 309, 324 (1993). That method can provide a basic measure for determining a fee award and is oftentimes the preferable method because of its simplicity and likelihood of producing consistent results. Id. at 325-26.
However, that does not preclude a court from finding otherwise if there are special reasons to depart from it or if a fee requested is plainly unreasonable. Id. at 326. The Supreme Judicial Court recognizes that the method should be augmented by a multi-factor analysis to ensure that any fee award is reasonable and should be shaped by the following factors: (1) the nature of the case and complexity of the issues presented, (2) the time and labor required, (3) the amount of damages involved, (4) the result obtained, (5) the experience, reputation and ability of counsel, (6) the customary price charged for similar services by attorneys in the same area, and (7) the amount of fee awards in similar cases. Linthicum v. Archembault, 379 Mass. 381, 388-89 (1979).
(1) In regard to the nature of the case: The case is simply a collection case for goods sold and delivered. There are no complex issues at stake. The defendants do not dispute the amount owed, only who owes the debt. The only issue that might appear complex on the surface is the issue relating to the Uniform Commercial Code, which this court finds was also fairly straightforward. There has been no showing by Turflinks that the issues in this case were varied, numerous, complex, novel or of public importance.
(2) In regard to time and labor required: The court is not persuaded that the time and labor required in this relatively straightforward case were sufficiently accounted for, especially between Turflinks, Inc. in relation to all of the defendants, Twin Hills Realty, Inc., Wolf Swamp Enterprises, LLC and Atillio Cardaropoli, Trustee of Twin Hills Realty Trust.
(3) In regard to the amount of damages: The damages claimed are $106,808. That amount is not contested by anyone, neither the plaintiff nor any of the defendants or cross defendants. The sole issue before this court was who was responsible for the indebtedness. There was no trial. The matter was decided on a motion for summary judgment.
(4) In regard to the result obtained: There is no question that the plaintiff won the motion for summary judgment. The sole issue before the court is the reasonableness of the fees being sought. The result was simply that the unquestioned amount of the debt was in fact owed and who owed it.
(5) In regard to the experience, reputation and ability of counsel The court has no knowledge of the experience, reputation and ability of counsel other than what is set forth in his supporting affidavit and can accept that the representations do not appear to be contested.
(6) In regard to the customary price charged for similar services by attorneys in the same area: The goods, which were sold, were sold in Springfield, Massachusetts area. The golf club in question is in Springfield, Massachusetts area. The goods in question were used in Springfield, Massachusetts area. The attorneys fees sought are rates charged which appear to be the premium rates of a Boston law firm which Turflinks, Inc. agreed to pay, apparently without any consideration of any cap.
(7) In regard to the amount of fee awards in similar cases: It is not at all unusual for this court to see most all simple collection cases handled in the following manner: 10% of any amount collected on a default judgment; a contingent fee basis which typically charge 25% if settled before trial; or 33 1/3% after trial. See Matter of Kerlinsky, 406 Mass. 67, 68-69 (1989).
Additionally there are rules of professional conduct (Rule 1.5(a)) specifically which the court may factor in to consider if a fee is clearly excessive. They are similar to those outlined above.
This court does not concur with the requested amount for attorneys fees sought by plaintiffs counsel. In the circumstances of this case, this court determines that the “lodestar” method is not reasonable.
Any client has the right to agree to pay a premium fee with no cap to his lawyer if he wishes. In this case Turflinks did so. But that does not mean that the court must, or needs, to consider it reasonable or to declare it reasonable on an unsuspecting defendant drawn into a contract by adhesion. It appears that Turflinks, Inc. was willing to throw any amount of money to the wind in order to collect this indebtedness as it has a right to do that. Although that may be reasonable to Turflinks, Inc. as a client to do so, that does not necessarily mean that it is reasonable in an open market, or by the general public, or in the eyes of a court considering the issue.
In this case this court simply applies a test of reasonableness as it is applied in an open market in the context of a simple contract collection case of an undisputed amount.[2] In that context this court applies a test as to what this court might consider reasonable and what a member of the public might consider reasonable in the circumstances. This case was resolved by a summary judgment without a trial. The issues were not complex. At first glance the court opined that the request of $192,330.95 for attorneys fees and $4,836 for costs, a total of $197,166.95, to collect an uncontested amount of $106,808 was quite simply preposterous and not at all reasonable. It is apparent that in the event that there are any appeals or that the case is ultimately tried before a jury, that there may very well be claims approaching half a million dollars to collect a simple debt of $106,808. *616 After careful consideration and reflection, the court still concludes that the request is preposterous.
The court heard all open matters. The court allows what it considers reasonable attorneys fees in the context of this case in the amount of $26,702, which is the equivalent of 25% of the indebtedness owed. The court allows statutory costs only.
In regard to the Motion to Strike the Supplemental Affidavit, that Motion is Denied.
In regard to the Motion for Summary Judgment by Wolf Swamp Enterprises, LLC and Twin Hills Realty Trust [Atillio Cardaropoli, as he is Trustee of Twin Hills Realty Trust] the Motion is allowed for the reasons set forth in their Memoranda.
Order for Judgment
The Motion for Summary Judgment by Turflinks, Inc. against Twin Hills Realty, Inc. is ALLOWED and damages are assessed in the amount of $106,808.00 together with interest at the rate of eighteen percent (18%) per annum, accruing from the date that the first amended complaint was filed, June 8, 2010, together with statuary costs and attorneys fees in the amount of $26,702.00.
Wolf Swamp Enterprises, LLC and Twin Hills Realty Trust’s [Atillio Cardaropoli, as Trustee of Twin Hills Really Trust], and Motion for Summary Judgment against Twin Hills Realty, Inc is ALLOWED.
The Cross Motion for Summary Judgment by Twin Hills Realty, Inc. against Wolf Swamp Enterprises, LLC is DENIED.

All invoices provided in pertinent part that Twin Hills Realty, Inc. would be responsible for “. . . any and all collection fees including reasonable attorneys fees, court costs and other associated expenses.”

See Stowe v. Bologna, 417 Mass. 199, 203 (1994), quoting Fontaine, 415 Mass. at 326 (“The basic measure of reasonable attorneys fees is a ‘fair market rate for the time reasonably spent preparing and litigating a case’ ”).